944 F.2d 912
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Billy MORO, Petitioner,
v.
SECRETARY, DEPARTMENT OF VETERANS AFFAIRS, Respondent.
 No. 91-7041.
 United States Court of Appeals, Federal Circuit.
 July 26, 1991.
Rehearing Denied Sept. 24, 1991.
 
 Before NIES, Chief Judge, and PAULINE NEWMAN and PLAGER, Circuit Judges.
 ORDER
 NIES, Chief Judge.
 
 
 1
 The Secretary of the Department of Veterans Affairs (Secretary) in his informal brief argues that Billy Moro's petition for review should be dismissed for lack of jurisdiction.
 
 
 2
 In 1972, the Veterans Administration (VA) awarded Moro a disability pension based on a diagnosis that he suffered from schizophrenia, paranoid type. On January 18, 1974, the VA entered a forfeiture decision against Moro on the ground that he had feigned mental illness to obtain VA disability benefits.[1] Moro filed a Notice of Disagreement (NOD) with the Board of Veterans Appeals on April 8, 1974. On January 30, 1976, the Board denied Moro's appeal.
 
 
 3
 Here, Moro purports to be seeking direct judicial review "under the Administrative Procedure Act, Chapter 7."[2] Moro's February 11, 1991 Petition for Review at 1. Although direct review by this court of VA decisions is generally precluded by statute,[3] this court does have jurisdiction under 38 U.S.C. § 223 to review challenges to agency rulemaking. However, Moro has failed to show how his case comes under the narrow review provisions of 38 U.S.C. § 223 that permit challenges to VA rules or regulations under sections 552(a)(1) and 553 of the Administrative Procedure Act. Nowhere in his petition for review or his informal brief does Moro challenge the validity of a VA rule or regulation. Indeed, in response to question number two of the informal brief, "[w]hat action of the Secretary of Veterans Affairs do you want reviewed by this court?", Moro responds: "I respectfully request the Honorable Court to judicially review the Forfeiture Decision ..." Neither the Administrative Procedure Act nor 38 U.S.C. § 223 confer jurisdiction on this court over such challenges. See Hilario v. Secretary, Department of Veterans Affairs, No. 90-7003 (Fed.Cir. June 10, 1991).
 
 
 4
 Accordingly,
 
 IT IS ORDERED THAT:
 
 5
 Moro's petition for review is dismissed for lack of jurisdiction.
 
 
 
 [1]
 Section 3503(a) of title 38 provides that whoever knowingly presents false or fraudulent information concerning a claim for VA benefits "shall forfeit all rights, claims and benefits under all laws administered by the [VA]...."
 
 
 [2]
 Moro is precluded from seeking review of the Board's decision under Chapter 72 of title 38 governing our jurisdiction over appeals of decisions of the Court of Veterans Appeals. The Court of Veterans Appeals has jurisdiction only where a NOD was filed after November 18, 1988
 
 
 [3]
 38 U.S.C. § 211 (Supp.1991)